J-S75017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
         :            PENNSYLVANIA
         :
       v.          :
         :
         :
CHRISTOPHER D. BURGESS    :
         :
      Appellant      :    No. 185 EDA 2018

Appeal from the PCRA Order December 13, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001041-2015,
CP-45-CR-0001043-2015

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:         **FILED FEBRUARY 19, 2019**

Appellant Christopher D. Burgess appeals from the order denying his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant argues that plea counsel's ineffectiveness caused him to enter an involuntary and unknowing guilty plea.  We affirm.

On October 6, 2015, Appellant executed written guilty plea colloquies for offenses at two docket numbers.  That same day, the court conducted an oral colloquy and accepted Appellant's negotiated guilty plea to possession with intent to deliver (PWID) and persons not to possess firearms.[1]

In relevant part, the written colloquies indicated that the Commonwealth agreed to dismiss all remaining charges in exchange for Appellant's plea.  Although the Commonwealth did not object to the imposition

_____

[1] 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. § 6105(a)(1), respectively.

of concurrent sentences, the written colloquies reiterated: "I understand that any agreement for sentencing is not binding on the [c]ourt and I have not been guaranteed a specific sentence in exchange for this plea . . . ." Written Guilty Plea Colloquies for 1041-2015 and 1043-2015, 10/6/15, at 3.

The colloquies confirmed that Appellant faced maximum penalties of fifteen years' imprisonment for PWID and ten years' imprisonment for persons not to possess firearms. During the oral colloquy, the trial court elaborated on Appellant's sentencing exposure:

> THE COURT: All right. Ten years on the firearm and fifteen years on the controlled substance offense?
>
> [Appellant]: Yes.
>
> THE COURT: Do you understand that these cases could be—you could be sentenced on these cases consecutively, in other words, one on top of each other. So the total maximum that you face . . . is twenty-five years and/or a $275,000 fine; do you understand that, sir?
>
> [Appellant]: Yes, Your Honor.
>
> THE COURT: Okay. Knowing all that, do you still wish to plead guilty?
>
> [Appellant]: Yes, Your Honor.

N.T. Guilty Plea Hr'g, 10/6/15, at 12.

Following multiple continuances, the trial court conducted Appellant's sentencing hearing on October 11, 2016. The court sentenced Appellant to five to ten years' imprisonment for persons not to possess firearms, plus a concurrent term of two to four years' imprisonment for PWID.

On October 21, 2016, Appellant timely filed a post-sentence motion requesting imposition of "a sentence that is a Minimum Guideline Sentence inasmuch as since his arrest [Appellant] has remained at liberty on [presentence] bail without any infractions." Post-Sentence Mot., 10/21/16, at 2. Appellant did not include a request to withdraw his guilty plea. The court denied the post-sentence motion on October 24, 2016. Appellant did not take a direct appeal.

Appellant timely filed a *pro se* PCRA petition on March 23, 2017, asserting the ineffectiveness of plea counsel. The PCRA court appointed new counsel, who filed a "no merit" letter under **Turner/Finley**[2] and a petition to withdraw on May 10, 2017. On August 28, 2017, the court permitted counsel to withdraw and issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. The parties did not respond to the Rule 907 notice, and the court dismissed Appellant's petition on December 13, 2017.

Appellant timely filed a *pro se* notice of appeal on January 5, 2018. The court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, but Appellant failed to comply.

On March 29, 2018, this Court issued an order directing the PCRA court to determine Appellant's eligibility for court-appointed counsel. If the PCRA court found Appellant to be eligible, we instructed it to appoint new counsel

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

for Appellant on appeal. The PCRA court complied with our order and appointed current counsel on April 4, 2018.

Thereafter, the PCRA court permitted Appellant to file a Rule 1925(b) statement *nunc pro tunc*. The court filed a responsive Rule 1925(a) opinion, concluding Appellant could not demonstrate that his ineffectiveness claim had arguable merit.

Appellant raises the following issues for our review:

[1]. Whether the PCRA court's ruling is supported by the evidence of record and free of legal error[.]

[2]. Whether the court abused its discretion in denying [Appellant's] request to withdraw his guilty plea when [Appellant] asserted his plea was unknowing, uncounseled and not made voluntarily[.]

Appellant's Brief at 5.

We address Appellant's claims together, as he effectively raises one argument that the PCRA court erred in dismissing his allegation of plea counsel's ineffectiveness. Appellant contends that he focused on the PWID charge at the plea hearing, he expected to receive a sentence of two to four years' imprisonment for PWID, and he thought that the sentence for the firearms offense "was to be limited" to what the court imposed for PWID. *Id.* at 13. Appellant argues that his expectations resulted from his unfamiliarity with the word "concurrent." *Id.* at 14. Appellant believed that the Commonwealth's approval of concurrent sentences meant that his aggregate sentence would not exceed the two to four years of incarceration imposed for

the PWID offense. *Id.* at 9. Appellant claims that plea counsel was ineffective for failing to ensure that Appellant understood the meaning of the word "concurrent" and the possible sentencing outcomes.

In sum, Appellant maintains that he could not have entered a voluntary plea where he did not fully comprehend his sentencing exposure. *Id.* at 16. Under these circumstances, Appellant asserts that he suffered a manifest injustice warranting the withdrawal of his plea. *Id.* at 9. Appellant insists the PCRA court's ruling is unsupported by the record, because counsel's ineffectiveness caused him to enter an involuntary plea. *Id.* at 11-12.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation omitted).

To obtain relief on an ineffectiveness claim, a petitioner must establish:

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

[Plea] counsel is presumed to be effective, and [the petitioner] bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citations omitted). "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." *Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014) (plurality) (citations omitted).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the defendant] to enter an involuntary or unknowing plea." *Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999) (citation omitted). "In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it." *Commonwealth v. Houtz*, 856 A.2d 119, 122 (Pa. Super. 2004) (citation omitted). Although not constitutionally mandated, a proper plea colloquy ensures that a defendant's guilty plea is truly knowing and voluntary. *Commonwealth v. Maddox*, 300 A.2d 503, 504 (Pa. 1973) (citation omitted).

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (citation and quotation marks omitted). "To determine a defendant's actual knowledge of the implications

and rights associated with a guilty plea, a court is free to consider the totality of the circumstances surrounding the plea." ***Allen***, 732 A.2d at 588-89. "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed and signed by the defendant and made a part of the plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-13 (citation omitted); ***see also*** Pa.R.Crim.P. 590 cmt. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

Instantly, the written colloquy for docket number 1043-2015 emphasized that Appellant faced a maximum sentence of ten years' imprisonment for the firearms offense. The written colloquy also noted that any agreement as to sentence was not binding on the court. The oral colloquy reiterated that the court was free to impose consecutive sentences, in which case Appellant faced an aggregate maximum sentence of twenty-five years' imprisonment.

Although Appellant now argues that he was unaware of the fact that the court could impose a term of confinement in excess of two to four years' imprisonment, the record undermines his claim. The colloquies reveal Appellant's awareness of the possibility of maximum sentences greater than four years. Appellant is bound by his statements, which confirmed his

understanding of the sentencing alternatives. **See Pollard**, 832 A.2d at 523.

Under the totality of these circumstances, we agree with the PCRA court that

Appellant's ineffectiveness claim lacks arguable merit. **See Allen**, 732 A.2d

at 587. Accordingly, the court properly denied PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/19