J-S14028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MIGUEL GONZALEZ | : | |
| | : | |
| Appellant | : | No. 502 EDA 2018 |

Appeal from the Judgment of Sentence April 23, 2014
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013833-2013

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                     **FILED AUGUST 19, 2019**

Appellant Miguel Gonzalez appeals from the judgment of sentence imposed following his guilty pleas to third-degree murder, criminal conspiracy, and a violation of the Uniform Firearms Act (VUFA).[1]  Appellant's counsel has filed a petition to withdraw and an ***Anders***/***Santiago***[2] brief.  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. Appellant and his cohort, Desiree Hicks, developed a plan to kill the victim, who was Ms. Hicks' boyfriend.  On May 31, 2012, Appellant shot and killed the victim.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(c), 903, and 6108, respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

On April 23, 2014, Appellant executed a written guilty plea colloquy for the offenses of third-degree murder, conspiracy, and VUFA. In relevant part, the written colloquy indicated that the Commonwealth agreed to recommend an aggregate sentence of not more than thirty to sixty years' imprisonment. The Commonwealth further agreed to drop all remaining charges in exchange for Appellant's pleas.

Also on April 23, 2014, the trial court conducted an oral colloquy. During the oral colloquy, the trial court elaborated on Appellant's sentencing exposure:

> THE COURT: All right. The district attorney is promising to do two things in return for your plea.
>
> First of all, they are making a . . . sentencing recommendation which I will follow if I accept your guilty plea. And that is a recommendation for a total sentence of not less than 30, no more than 60 years in jail. They are agreeing not to proceed on the first-degree murder charge, which if you were convicted of would result in a sentence of life imprisonment without the possibility of parole. Do you understand that?
>
> [Appellant]: Yes.
>
> THE COURT: Okay. The maximum sentence you could receive for these offenses, all of these three offenses together, the maximum the law would permit is up to 85 years in jail and fines of up to $85,000. So the recommended sentence and the sentence that I will impose is obviously below the legal maximum. Do you understand that?
>
> [Appellant]: Yes.

N.T., 4/23/14, at 7-8. Additionally, Appellant indicated that he had discussed the facts of his case with plea counsel and he was satisfied with the legal representation. *See id.* at 9.

At the conclusion of the oral colloquy, the trial court accepted Appellant's negotiated guilty plea. Appellant waived a presentence investigation and proceeded immediately to sentencing. The trial court sentenced Appellant to twenty to forty years' imprisonment for the third-degree murder conviction, followed by a consecutive term of ten to twenty years' imprisonment for the conspiracy conviction. The trial court imposed no further penalty for the VUFA conviction. Therefore, the aggregate term of thirty to sixty years' imprisonment matched the Commonwealth's recommended sentence.[3] Appellant did not file post-sentence motions or a notice of appeal.

Appellant timely filed a *pro se* petition for relief under the Post Conviction Relief Act[4] (PCRA), which was postmarked on February 23, 2015. The PCRA court appointed counsel (appointed counsel), who filed an amended PCRA petition on August 5, 2017. On January 19, 2018, the PCRA court granted relief and reinstated Appellant's right to file a direct appeal *nunc pro tunc* within thirty days.

Appointed counsel timely filed the notice of appeal *nunc pro tunc* on Appellant's behalf on February 14, 2018. Thereafter, appointed counsel filed

---

[3] After imposing the sentence, the trial court asked Appellant, "Do you understand the sentence, sir?" N.T. at 30. Appellant responded, "Yes." *Id.*

[4] 42 Pa.C.S. §§ 9541-9546.

a statement of intent to file an ***Anders***/***Santiago*** brief, pursuant to Pa.R.A.P. 1925(c)(4). The trial court accepted the Rule 1925(c)(4) statement and concluded that Appellant did not have any meritorious appellate issues. ***See*** Trial Ct. Op., 7/10/18, at 1-2.

Appointed counsel filed the ***Anders***/***Santiago*** brief on August 19, 2018 and a separate petition to withdraw on August 20, 2018. Appellant subsequently filed multiple applications seeking extensions of time to file a *pro se* response to counsel's ***Anders***/***Santiago*** brief. In his various applications, Appellant insisted that appointed counsel did not provide him with a copy of the ***Anders***/***Santiago*** brief, and Appellant could not file an adequate *pro se* response without it.

On June 3, 2019, this Court ordered appointed counsel to send Appellant copies of the ***Anders***/***Santiago*** brief, the withdrawal petition, and a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise additional appellate issues. This Court directed appointed counsel to comply with its order within seven days, and we instructed appointed counsel to provide this Court with proof of compliance. Additionally, we provided Appellant with thirty days from the date of appointed counsel's compliance to file a *pro se* response to the ***Anders***/***Santiago*** brief.

Appointed counsel filed a response to this Court's order on June 7, 2019, which included post office receipts and package tracking information. The postal service paperwork indicated that the expected date of delivery for the ***Anders*** materials to Appellant was June 7, 2019. Appellant, however, has

not filed a *pro se* response to the **Anders**/**Santiago** brief, and he has not requested an additional extension of time.

Appointed counsel's **Anders**/**Santiago** brief identifies five issues, which we have reordered as follows:

> 1. Whether the Appellant's negotiated guilty plea was knowingly, intelligently, and voluntarily made when the [trial] court did not explain to the Appellant that his sentence would be consecutive, and the Appellant thought consecutive and concurrent meant the same thing.
>
> 2. Whether the Appellant can withdraw his negotiated guilty plea.
>
> 3. Whether the Appellant's sentence was illegal under mandatory sentencing guidelines.
>
> 4. Whether the Appellant can have his sentence corrected.
>
> 5. Whether [plea] counsel was ineffective for failing to withdraw as counsel and failing to file an appeal.

**Anders**/**Santiago** Brief at 4.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional

arguments that the appellant considers worthy of the court's attention. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Only after determining that counsel has satisfied these technical requirements, may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, appointed counsel has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, and supplying Appellant with a copy of the *Anders*/*Santiago* brief. *See Goodwin*, 928 A.2d at 290. Moreover, appointed counsel's *Anders*/*Santiago* brief complies with the requirements of *Santiago*. Appointed counsel includes a summary of the relevant factual

and procedural history, refers to the portions of the record that could arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous. Additionally, appointed counsel explains his reasoning and supports his rationale with citations to the record and pertinent legal authority. Accordingly, we conclude that appointed counsel has met the technical requirements of **Anders** and **Santiago**, and we will proceed to address the issue raised in the **Anders**/**Santiago** brief.

In his first two issues, appointed counsel suggests that Appellant did not enter a knowing, intelligent, or voluntary guilty plea, because the oral colloquy did not specifically inform Appellant "that his sentence was going to be a consecutive sentence totaling 30-60 years' incarceration." **Anders**/**Santiago** Brief at 8-9. Appointed counsel also states that Appellant did not understand the sentence because Appellant "thought consecutive and concurrent meant the same thing." **Id.** at 9. Based upon the foregoing, appointed counsel submits that Appellant wishes to withdraw his guilty plea. **Id.** at 11.

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." **Commonwealth v. Reid**, 117 A.3d 777, 782 (Pa. Super. 2015) (citations and quotation marks omitted). "To determine a defendant's actual knowledge of the implications and rights associated with a guilty plea, a court is free to consider the totality

of the circumstances surrounding the plea." ***Commonwealth v. Allen***, 732 A.2d 582, 588-89 (Pa. 1999).

Although not constitutionally mandated, a proper plea colloquy ensures that a defendant's guilty plea is truly knowing and voluntary. ***Commonwealth v. Maddox***, 300 A.2d 503, 504 (Pa. 1973) (citation omitted). "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted); ***see also*** Pa.R.Crim.P. 590 cmt. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

"[T]he law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently." ***Commonwealth v. Jabbie***, 200 A.3d 500, 506 (Pa. Super. 2018) (citation omitted).

> Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after

sentencing, he must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice. Thus, post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices.

Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Hart*, 174 A.3d 660, 664-65 (Pa. Super. 2017) (citations and quotation marks omitted).

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citations omitted). Likewise, "a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal." *Id.* at 610.

Instantly, Appellant did not challenge the voluntariness of his guilty pleas during the plea colloquy or in a post-sentence motion seeking to withdraw the pleas. Consequently, Appellant's current challenge to the voluntariness of the pleas, as well as his request to withdraw the pleas, are waived. *See Lincoln*, 72 A.3d at 609-10.

Even if Appellant had not waived his claims, no relief is due. The written and oral colloquies emphasized that Appellant faced a maximum aggregate sentence of eighty-five years' imprisonment, despite the fact that the Commonwealth recommended a maximum aggregate sentence of sixty years' imprisonment. Nevertheless, the trial court also informed Appellant that it intended to abide by the Commonwealth's recommendation of a sixty-year maximum aggregate sentence if it accepted Appellant's pleas.

Although Appellant now argues that he did not understand the sentence and he did not know the meaning of the words "consecutive" and "concurrent," the record undermines his claim. The colloquies reveal Appellant's awareness of the sentencing alternatives and his understanding of the sentence imposed. Appellant is bound by his statements made at the colloquy, which demonstrate that he knowingly entered the guilty pleas. **See Pollard**, 832 A.2d at 523.

In his third and fourth issues, appointed counsel advances Appellant's claim that the trial court imposed illegal sentences that must be corrected. **Anders**/**Santiago** Brief at 10.

"A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence," which is non-waivable where the reviewing court has jurisdiction. **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Id.** (citations omitted). "We review the legality of

a sentence *de novo* and our scope of review is plenary." ***Commonwealth v. Butler***, 173 A.3d 1212, 1215 (Pa. Super. 2017) (citation omitted).

Section 1102(c) of the Crimes Code states that "a person who has been convicted of . . . conspiracy to commit murder . . . may be sentenced to a term of imprisonment which shall be fixed by the court at not more than forty years." 18 Pa.C.S. § 1102(c). "Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years." ***Id.*** Likewise, "a person who has been convicted of murder of the third degree . . . shall be sentenced to a term which shall be fixed by the court at not more than 40 years." 18 Pa.C.S. § 1102(d).

Instantly, the trial court sentenced Appellant to twenty to forty years' imprisonment for the third-degree murder conviction, followed by a consecutive term of ten to twenty years' imprisonment for the conspiracy conviction. These sentences did not exceed the statutory maximums for conspiracy and third-degree murder. ***See*** 18 Pa.C.S. § 1102(c)-(d). Because the trial court possessed the legal authority to impose the sentences at issue, Appellant's challenge to the legality of the sentences must fail. ***See Butler***, 173 A.3d at 1215; ***Infante***, 63 A.3d at 363.

In his fifth issue, appointed counsel identifies a challenge to the effectiveness of plea counsel. ***Anders***/***Santiago*** Brief at 10.

Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. ***See Commonwealth v. Holmes***, 79

A.3d 562, 577-80 (Pa. 2013). Instead, such claims are to be deferred to PCRA review. *Id.*

However, our Supreme Court has recognized three exceptions to the general rule. In *Holmes*, the Supreme Court held that a trial court has discretion to address ineffectiveness claims on direct review in cases where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and "meritorious to the extent that immediate consideration best serves the interests of justice[;]" or (2) there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. *Holmes*, 79 A.3d at 563-64. More recently, our Supreme Court adopted a third exception, which requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018) (citations omitted).

Here, the record does not indicate that extraordinary circumstances exist, or that Appellant waived his right to PCRA review. *See Holmes*, 79 A.3d at 577. Further, Appellant is not statutorily barred from seeking PCRA relief. *See Delgros*, 183 A.3d at 361.

Because our independent review of the record confirms that none of the exceptions apply, we agree with appointed counsel's conclusion that no relief is due on this issue. Moreover, the record does not reveal any additional, non-

frivolous issues in this appeal. **See Flowers**, 113 A.3d at 1250. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/19