## Commonwealth *v.* Maddox, Appellant.

Submitted November 8, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Eugene H. Clarke, Jr.,* for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen*

*Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, February 5, 1973:

On June 13, 1970, seven year old Antoinette Williams, while sitting on the front porch of her house, was caught in the crossfire of a gang fight and was shot in the head. She died at the hospital later that evening.

On the following day, appellant was arrested and charged with carrying firearms on the public streets and with the murder of Antoinette Williams. Subsequently, the firearms charge was withdrawn and appellant pleaded guilty to murder generally. The Commonwealth having certified that the charge rose no higher than second degree murder, a degree of guilt hearing was held in accordance with Pa. R. Crim. P. 319A and appellant was found guilty of second degree murder. He was sentenced to five to fifteen years imprisonment. A petition for reconsideration of sentence was heard and denied.

On this direct appeal, appellant asserts that the record does not indicate that his guilty plea was a knowing and intelligent decision. Specifically, he contends that he was never informed of his right to a jury trial or of the presumption of innocence. Furthermore, he argues that his "options" and "possibilities" were not explained. Finally, appellant urges that the record fails to disclose how the acts he committed constituted the offense with which he was charged. Since we find no merit in any of appellant's claims, the judgment of sentence is affirmed.

Rule 319(a) of the Pennsylvania Rules of Criminal Procedure (effective February 3, 1969 as amended) precludes acceptance of a guilty plea unless a colloquy appears on the record which establishes that the defendant's plea is "voluntarily and understandingly

made." Even prior to the amendment of that rule, we stated that in order to insulate pleas from attack, a colloquy should be conducted which satisfied the court that the "defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences." *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 106, 237 A. 2d 196, 198 (1968). Recently, in discussing F. R. Crim. P. 11, the federal counterpart of our Rule 319, the United States Supreme Court enunciated the purposes of such a colloquy: "First, although the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous postconviction attacks on the constitutional validity of guilty pleas." *McCarthy v. United States,* 394 U.S. 459, 465, 89 S. Ct. 1166, 1170 (1969) (footnotes omitted).[1] In addition, it has been suggested that a col-

---

[1] The decision in *McCarthy v. United States,* 394 U.S. 459, 89 S. Ct. 1166 (1969), was made pursuant to the Court's supervisory power over the lower federal courts. Id. at 464, 89 S. Ct. at 1169. However, in *Boykin v. Alabama,* 395 U.S. 238, 89 S. Ct. 1709 (1969), the Court held that "it was error, plain on the face of the record, for the [state] trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." Id. at 242, 89 S. Ct. at 1711.

Justice HARLAN stated in his dissenting opinion in *Boykin,* "so far as one can make out from the Court's opinion, what is now in effect being held is that the prophylactic procedures of Criminal

loquy serves a third purpose of providing for a "dignified procedure designed to impress the defendant with its fairness and concern for his rights." Hoffman, Rule 11 and the Plea of Guilty, 45 F.R.D. 149 (1967).

An examination of the colloquy conducted in the instant case reveals that the trial judge properly determined "after inquiry of the defendant that the plea [was] voluntarily and understandingly made." Pa. R. Crim P. 319 (a).[2] Appellant was examined by his counsel,[3] in the court's presence, as to whether he understood that he was pleading guilty to murder. In addition, defense counsel asked appellant whether he understood that, by pleading guilty, he waived not only his right to jury trial, but also "most of [his] rights concerning the trial" as well as "most of [his] appellate rights." The record further shows that defense counsel explained the possible sentences and inquired whether any threats or promises had been made.

Appellant's primary contention is that the record does not disclose that he was aware of how the acts he committed constituted the offense with which he was charged. It is clear that before accepting a plea of guilty, the trial court must satisfy itself that there is

---

Rule 11 are substantially applicable to the States as a matter of federal constitutional due process." Id. at 247, 89 S. Ct. at 1714.

[2] The colloquy in the instant case is very similar to the ones approved by this Court in *Commonwealth v. Butler*, 446 Pa. 374, 288 A. 2d 800 (1972) and *Commonwealth v. Martin*, 445 Pa. 49, 282 A. 2d 241 (1971).

[3] We stated in *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968), that the colloquy "need not be performed by the court alone. Either defense counsel or the district attorney may conduct the necessary questioning in the presence of the court and on the record. The essential element is therefore a recorded demonstration that the prisoner is fully aware of the ramifications of his action and is entering the plea voluntarily." Id. at 106 n.5, 237 A. 2d at 198 n.5. This procedure is, as it must be, in conformity with Pa. R. Crim. P. 319 and the comment thereto.

a factual basis for the plea. See, e.g., *McCarthy v. United States*, supra; *United States v. Cantor*, 469 F. 2d 435 (3d Cir. 1972); *Majko v. United States*, 457 F. 2d 790 (7th Cir. 1972); *United States v. Cody*, 438 F. 2d 287 (8th Cir. 1971); *Woodward v. United States*, 426 F. 2d 959 (3d Cir. 1970); *Commonwealth v. Jackson*, 450 Pa. 417, 299 A. 2d 209 (1973); *Commonwealth ex rel. West v. Rundle*, supra; ABA Project on Standards for Criminal Justice, Standards Relating to The Function of the Trial Judge §4.2 (Approved Draft, 1972); ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §1.4 (Approved Draft, 1968).[4]

---

[4] Any notion that *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970), permits a trial court to accept a guilty plea without first ascertaining a factual basis for the plea is refuted by a *careful* examination of that decision. There, the United States Supreme Court specifically said: ". . . Because of the overwhelming evidence against him, a trial was precisely what neither Alford nor his attorney desired. Confronted with the choice between a trial for first-degree murder, on the one hand, and a plea of guilty to second-degree murder, on the other, Alford quite reasonably chose the latter and thereby limited the maximum penalty to a 30-year term. When his plea is viewed in light of the evidence against him, which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered, see McCarthy v. United States, supra, at 466-467 (1969), its validity cannot be seriously questioned. *In view of the strong factual basis for the plea* demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it." Id. at 37-38, 91 S. Ct. at 167. (Footnotes omitted) (Emphasis added).

Mr. Justice WHITE, writing for the Court, further emphasized the importance of finding a factual basis for the plea when he noted: ". . . Because of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, various state and federal court decisions *properly* caution that pleas coupled with claims of innocence *should not be accepted unless there is a factual basis for the plea*, see, e.g., Griffin v.

The record, however, does support the trial court's conclusion that a factual basis for the plea existed. When appellant entered his plea, he specifically admitted his "complicity in the situation," although he stated that he did not know whether it was a bullet from his gun which hit the victim.[5] Furthermore, appellant acknowledged that he understood that by pleading guilty he admitted the facts and circumstances as stipulated to by his attorney in his presence, in open court and on the record. Those facts, as recited by the prosecutor, indicate that appellant and one member of the opposing gang were the only persons firing weapons during the gang shootout. One eyewitness, Mr. Long, informed police that: "He saw Baldy [appellant] come to the southwest corner of Franklin and Norris Street and shoot a couple of times in a southerly direction towards Berks Street. He went to the corner of Franklin and Norris and he saw Baldy shoot a couple more times from the middle of the street, this time in the general direction of the opposing gang members.

"He was still there, Mr. Long was, when the red car arrived and that is how he found out that the little girl, Antoinette Williams, had been shot."

Included in the stipulation was the report of another eyewitness who told the police that he saw appellant firing a high powered rifle, then heard a scream and someone say a girl had been shot. This description of the events was corroborated by others, including

---

United States, 132 U.S. App. D. C. 108, 110, 405 F. 2d 1378, 1380 (1968) ; Bruce v. United States, supra, at 342, 379 F. 2d, at 119 (1967) ; Commonwealth v. Cottrell, 433 Pa. 177, 249 A. 2d 294 (1969) ; and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence." Id. at 38 n. 10, 91 S. Ct. at 167 n. 10. (Citations omitted) (Emphasis added).

[5] The bullet which hit the victim was so mutilated that it could not be determined whether it was fired from appellant's gun.

one person who stated that appellant was firing the rifle toward the "boys from 12th and Oxford" and that the girl who was shot was "sitting on the step between Baldy and the guys from 12th and Oxford."

Review of the record satisfies us that the appellant was aware of the nature of the offense with which he was charged and that he understood that his acts constituted that offense. His guilty plea was knowingly and voluntarily entered and properly received by the trial court.

The judgment of sentence is affirmed.

Mr. Chief Justice JONES joins in this opinion as well as the concurring opinion of Mr. Justice POMEROY.

Mr. Justice EAGEN concurs in the result.

----

CONCURRING OPINION BY MR. JUSTICE POMEROY:

I concur in the decision of the Court. Because, however, I view the guilty plea question in a somewhat different light than does the majority, I add these comments.

If, as I think it may, the Court's opinion implies that there is in Pennsylvania an existing rule of law which requires as a precondition to acceptance of a guilty plea that the trial court "satisfy itself that there is a factual basis for the plea", I think it goes too far. In *Com. ex rel. West v. Rundle,* 428 Pa. 102, 106, 237 A. 2d 196 (1968), the Pennsylvania authority relied on by the majority, we stated only that the trial court *"is best advised"* to conduct an examination on the record "which should include, inter alia, *an attempt to satisfy itself* that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences". (Emphasis supplied). Nowhere have we laid down a prophylactic rule that a finding of voluntariness of a guilty plea must depend

upon a finding that the defendant understands "the acts sufficient to constitute the offenses for which he is charged", or that he expressly admit having committed such acts.

Similarly, if the opinion of the court is meant to suggest that such an understanding by the defendant of the acts sufficient to constitute the offense is mandated by the federal constitution, I again think it is in error. As the Supreme Court of the United States held in *North Carolina v. Alford,* 400 U.S. 25, 27 L. Ed. 2d 162 (1970) "[a]n individual accused of crime may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime". 400 U.S. at 37.

It should be noted that, except for *Com. ex rel. West v. Rundle,* supra, all the authorities relied upon by the Court are federal, and are based altogether upon Rule 11 of the Federal Rules of Criminal Procedure[1] and on *McCarthy v. U.S.,* 394 U.S. 459, 465, 22 L. Ed. 2d 418 (1969) (expressly a nonconstitutional holding). That Rule 11 is not of constitutional dimension in its requirement of a finding of a factual basis is made clear in *North Carolina v. Alford.* See also *Halliday v. United States,* 394 U.S. 831, 23 L. Ed. 2d 16 (1969), holding that "in view of the large number of constitutionally valid convictions that may have been obtained

---

[1] Rule 11 provides: "A defendant may plead not guilty, guilty, or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. *The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."* (Emphasis added).

without full compliance with Rule 11, we decline to apply McCarthy retroactively".

As the majority opinion notes, the Pennsylvania counterpart to federal Rule 11 is Pa. R. Crim. P. 319. That rule, however does not require, as does Rule 11, that the court "shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea". In my own view, our Rule could well be amended to state such a requirement.[2] Such a rule, of course, would operate only prospectively.[3] I see no justification for a potential invalidation of any guilty plea accepted in Pennsylvania since *West* because of noncompliance with the advice there given to lower courts, as the majority now appears to be interpreting that advice.

Mr. Chief Justice JONES joins in this concurring opinion.

---

[2] The scope of the interrogation *recommended* to be followed by the trial judge at the time of accepting a guilty plea is already contained in the comment to Rule 319, which no doubt could be used as the basis for an appropriate amendment to the rule itself.

[3] We have used the rule technique very recently in an analogous situation in order to do away prospectively with supplementary sworn oral testimony as to probable cause to support the issuance of a search warrant. *Commonwealth v. Milliken*, 450 Pa. 310, 300 A. 2d 78 (1973). (In that case I disagreed that there was no constitutional authority which supported appellant's position, and for that reason was obliged to dissent). See also *Com. ex rel. Hartage v. Hendrick*, 439 Pa. 584, 589, 268 A. 2d 451 (1970).