Commonwealth *v.* Mears, Appellant.

Argued November 16, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Gene Locks,* for appellant.

*William P. Boland,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 26, 1973:

The appellant, Early Mears, pleaded guilty to murder generally on June 22, 1955. Following a degree of guilt hearing, he was convicted of murder in the first degree, and sentenced to life imprisonment. No post-trial motions were filed and no appeal was taken. In 1968, the appellant filed a Post Conviction Hearing Act petition. Relief was denied on June 26, 1969. On appeal to this Court, the case was remanded pursuant to a per curiam order dated April 22, 1970, and the appellant was granted the opportunity to file post-trial

motions. Post-trial motions were denied and this appeal followed.

In this appeal, the appellant claims that: (1) his guilty plea was not knowingly and intelligently made because it was based (a) on an illegally obtained confession and (b) on the improper advice of counsel. (2) he was denied the effective assistance of counsel during his degree of guilt hearing. We have reviewed the appellant's claims and conclude they are without merit. Appellant's guilty plea was entered knowingly and intelligently. *Commonwealth v. Butler,* 446 Pa. 274, 288 A. 2d 800 (1972). We have considered the totality of the circumstances surrounding the appellant's confession and conclude that the confession was made voluntarily. *Commonwealth v. Madilia,* 439 Pa. 125, 266 A. 2d 633 (1970); *see Fikes v. Alabama,* 352 U.S. 191, 1 L. Ed. 2d 246, 77 S. Ct. 281 (1957). We also conclude from an examination of the record that the appellant received the effective assistance of counsel prior to his guilty plea and at the degree of guilt hearing. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967).

Judgment of sentence affirmed.