Commonwealth *v.* Palmer, Appellant.

Submitted November 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Edward Palmer,* in propria persona.

*Vram Nedurian, Jr.* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, July 1, 1974:

Appellant pleaded guilty to murder generally and was found guilty of murder in the second degree. On this direct appeal* appointed counsel requested the Court's permission to withdraw from further representation. We initially found that counsel had failed to satisfy the constitutional prerequisites to withdrawal mandated by *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396 (1967), and *Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201 (1968). *Commonwealth v. Palmer,* 455 Pa. 111, 314 A.2d 853 (1974). Counsel has now complied in all respects with the *Anders-Baker* standard and has been permitted to withdraw. Appellant has indicated that this Court should consider the merits of this appeal on the basis of counsel's newly-submitted brief.

The single contention advanced by appellant is that his guilty plea should not have been accepted by the trial judge because it was not knowingly and voluntarily tendered. Review of the colloquy surrounding the entry of the plea demonstrates that appellant, of his own free will and fully aware of the consequences, voluntarily entered a plea of guilty to the charge of murder. *Commonwealth v. Cottrell,* 433 Pa. 177, 249 A.2d 294 (1969); see *Commonwealth v. Roundtree,* 440 Pa. 199, 269 A.2d 709 (1970).

The trial court properly accepted appellant's plea. *Commonwealth v. Maddox,* 450 Pa. 406, 300 A.2d 503 (1973); Pa. R. Crim. P. 319, 319A; ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §§ 1.4-.6 (Approved Draft, 1968); ABA Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge §§ 4.1-.2 (Approved Draft, 1972).

The judgment of sentence is affirmed.

---

* Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp. 1974).