J-S33040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANGELICA COLON | : | |
| | : | |
| Appellant | : | No. 2892 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 5, 2018
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001040-2017

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED AUGUST 4, 2020**

Appellant, Angelica Colon, appeals *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Monroe County following her plea of *nolo contendere* to the charges of aggravated assault (child less than 13 years of age), 18 Pa.C.S.A. § 2702(a)(9), and endangering the welfare of children, 18 Pa.C.S.A. § 4304(a)(1).[1]  After a careful review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.
[1] As discussed *infra*, Appellant's appeal rights were reinstated via the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

The relevant facts and procedural history are as follows: After Appellant's six-week-old infant suffered skull fractures, Appellant was arrested and charged with numerous offenses.   On June 5, 2018, Appellant, represented by counsel, entered a negotiated plea of *nolo contendere* to the charges indicated *supra*,[2] and in exchange, as agreed to by the parties, the trial court proceeded to sentence Appellant to 48 to 96 months in prison for aggravated assault with a consecutive two years of probation for endangering the welfare of children.[3]  Despite acknowledging receipt of her post-sentence and appellate rights, Appellant failed to file either a post-sentence motion or a direct appeal.

Instead, on June 12, 2019, Appellant filed a timely, *pro se* PCRA petition[4] in which she averred she had requested that counsel file a direct appeal but counsel failed to do so.  **See** 42 Pa.C.S.A. § 9545(b)(1) (stating petition shall be filed within one year of the date the underlying judgment becomes final);

---

[2] Appellant's oral plea colloquy was supplemented with a written plea colloquy.

[3] The Commonwealth *nolle prossed* the remaining charges.

[4] The certified docket contains an entry on June 17, 2019, indicating Appellant filed a "Motion to Proceed *In Forma Pauperis*."  The docket entry neglects to indicate that Appellant attached her *pro se* PCRA petition to this motion.  Also, we note that we deem the motion to proceed *in forma pauperis*, as well as the *pro se* PCRA petition, to have been filed on June 12, 2019, when it was handed to prison officials.  **See** Pa.R.A.P. 121(a) ("A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to prison authorities for purposes of mailing or placed in the institutional mailbox[.]").

42 Pa.C.S.A. § 9545(b)(3) (stating judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); Pa.R.A.P. 903(c)(3) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court.").

The PCRA court appointed counsel, and counsel filed an amended PCRA petition seeking the restoration of Appellant's direct appeal rights *nunc pro tunc*. By order entered on September 9, 2019, the PCRA court reinstated Appellant's direct appeal rights.[5] This counseled appeal followed on October 4, 2019, and all Pa.R.A.P. 1925 requirements have been sufficiently met.

On appeal, Appellant contends her plea of *nolo contendere* was involuntarily and unknowingly entered since she was unaware of the length of the sentence she was likely to receive. She avers she was "shocked and saddened by her sentence[.]" Appellant's Brief at 15.

_____

[5] There is no indication Appellant requested the restoration of her post-sentence rights. It is well-settled that, where the PCRA court reinstates direct appeal rights *nunc pro tunc*, the defendant is not automatically entitled to reinstatement of her post-sentence rights *nunc pro tunc* as well. **Commonwealth v. Liston**, 602 Pa. 10, 977 A.2d 1089 (2009).

Initially, we note that "[a] valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence."[6] *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa.Super. 2015) (quotation marks and quotations omitted). "To determine a defendant's actual knowledge of the implications and rights associated with a [*nolo contendere*] plea, a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582, 588-89 (1999).

Although not constitutionally mandated, a proper plea colloquy ensures that a defendant's *nolo contendere* plea is truly knowing and voluntary. *Commonwealth v. Maddox*, 450 Pa. 406, 300 A.2d 503, 504 (1973). "Furthermore, nothing…precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa.Super. 2008) (citation omitted). "A person who elects to plead [*nolo contendere*] is bound by the statements [s]he makes in open court while under oath and [s]he may not later assert grounds for withdrawing the

---

[6] "[I]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." *Commonwealth v. Miller*, 748 A.2d 733, 735 (Pa.Super. 2000) (citation omitted).

plea which contradict the statements [s]he made at h[er] plea colloquy."

**Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa.Super. 2003) (citation omitted).

Although no absolute right to withdraw a [*nolo contendere*] plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, [s]he must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw h[er] [*nolo contendere*] plea after sentencing only where necessary to correct manifest injustice. Thus, post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of [*nolo contendere*] pleas as sentence-testing devices.

Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a [*nolo contendere*] plea was aware of what [s]he was doing, and the defendant bears the burden of proving otherwise.

**Commonwealth v. Hart**, 174 A.3d 660, 664-65 (Pa.Super. 2017) (quotation marks and quotations omitted).

Moreover, a defendant wishing to challenge the voluntariness of a *nolo contendere* plea on direct appeal must either object during the plea colloquy, during the sentencing hearing, or file a motion to withdraw the plea within ten days of sentencing. **Commonwealth v. Lincoln**, 72 A.3d 606 (Pa.Super. 2013). Failure to employ one of these measures results in waiver. **Id.** "[A] request to withdraw a [*nolo contendere*] plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal." **Id.** at 610 (citation omitted).

- 5 -

Here, in its Pa.R.A.P. 1925(a) opinion, the trial court suggests Appellant waived her challenge to her *nolo contendere* plea as she did not seek to withdraw the plea in the trial court. We agree with the trial court that there is no indication Appellant sought to withdraw her plea in the trial court, and therefore, she has waived her issue on appeal.[7] **See Lincoln**, **supra**.

In any event, even if not waived, as to her specific claim, the record reveals that during the plea colloquy the trial court informed Appellant of the sentencing guideline ranges for her offenses, the statutory maximum penalties, and the sentencing agreement her counsel made with the Commonwealth. N.T., 6/5/18, at 3. The trial court specifically informed Appellant during the plea colloquy that, in sentencing Appellant, the trial court would "consider the Pennsylvania sentencing guidelines and any agreements that have been made between [Appellant's] lawyer and the Commonwealth." *Id.* at 7. The trial court further informed Appellant that the trial court was "not bound by those agreements, but generally speaking, [the court] will likely go along with those agreements if [the court] think[s] they're fair and appropriate under the circumstances." *Id.*

_____

[7] Although Appellant raised the issue of whether her plea was involuntarily entered in her court-ordered Pa.R.A.P. 1925(b) statement, it is well-settled that an appellant may not preserve an otherwise waived claim by presenting it for the first time in her Rule 1925(b) statement. **See Commonwealth v. Coleman**, 19 A.3d 1111 (Pa.Super. 2011) (holding issues raised for the first time in Pa.R.A.P. 1925(b) statement are generally waived).

Additionally, during the plea colloquy, and in the presence of Appellant, trial counsel stated the following:

> [Appellant] will be entering a *nolo contendere* plea to Count 4, Aggravated Assault, (a)(9), a felony of the first degree; and Count 8, Endangering the Welfare of Children, a felony of the third degree. She is aware of the standard guideline sentencing of 48 to 66 months and 3 to 12 months, and a combination of the two charges. The Commonwealth is in agreement in this case to a four-to-eight year sentence followed by two years of probation.

*Id.* at 10.

Moreover, the Commonwealth confirmed, in the presence of Appellant, that "we did agree to the four-to-eight sentence on the aggravated assault charge, followed by the two years consecutive probation on the endangering the welfare [of children], a felony three charge." *Id.* at 12. Thereafter, during sentencing, the trial court indicated it was accepting the parties' plea agreement and sentenced Appellant in accordance therewith.

Accordingly, even if not waived, we find no merit to Appellant's claim. While Appellant may be dissatisfied with her sentence, we note "[t]he law does not require that a defendant be pleased with the outcome of h[er] decision to plead [*nolo contendere*]. The law requires only that a defendant's decision to plead [*nolo contendere*] be made knowingly, voluntarily, and intelligently." *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa.Super. 2018) (citation

omitted). Here, Appellant's plea of *nolo contendere* was knowingly, voluntarily, and intelligently entered.[8]

Finally, to the extent Appellant raises claims of ineffective assistance of counsel in connection with the entry of her plea of *nolo contendere*, we dismiss the claims without prejudice to Appellant's right to raise the claims in a timely PCRA petition.

In **Commonwealth v. Holmes**, 621 Pa. 595, 79 A.3d 562, 576 (2013), our Supreme Court reaffirmed the general rule that claims of ineffective assistance of counsel are to be deferred to PCRA review unless one of two scenarios exists: (1) where the trial court addresses a discrete claim of trial counsel ineffectiveness that is both apparent from the record and meritorious; and (2) where the defendant knowingly and expressly waives her right to seek review under the PCRA. **See id.** Neither exception applies in the instant case. Therefore, Appellant cannot seek review of her ineffectiveness claims on direct appeal. Accordingly, we dismiss Appellant's ineffective assistance of trial counsel claims without prejudice to her ability to raise the claims in a timely PCRA petition.

_____

[8] In addition to informing Appellant of the sentencing ranges and the plea court's power to deviate from any recommended sentence, the trial court discussed during the plea colloquy the nature of the charges, the factual basis of the plea, the right to a jury trial, and the presumption of innocence. **See Reid**, **supra**.

For all of the foregoing reasons, we affirm Appellant's judgment of sentence.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/04/2020