J-S15008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS HELMAN | : | |
| | : | |
| Appellant | : | No. 1584 EDA 2021 |

Appeal from the PCRA Order Entered July 16, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0000343-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS HELMAN | : | |
| | : | |
| Appellant | : | No. 1616 EDA 2021 |

Appeal from the PCRA Order Entered July 16, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002950-2014

BEFORE: NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED JULY 25, 2022**

Appellant Nicholas Helman appeals from the orders denying his timely first Post Conviction Relief Act[1] (PCRA) petitions. Appellant contends that plea counsel's ineffectiveness caused him to enter an involuntary and unknowing guilty plea. We affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

The underlying facts and procedural history of this case are well known to the parties. *See* PCRA Ct. Op., 11/17/21, at 1-6. Briefly, Appellant was charged with attempted murder and related offenses after he attempted to poison his ex-girlfriend's new boyfriend with a scratch-and-sniff birthday card laced with a lethal dose of homemade ricin. *See* Docket No. 2950-2014. While that case was pending, Appellant was arrested on new charges after he conspired with a fellow inmate in an attempt to kidnap, injure, and/or kill the individuals involved in his attempted murder case. *See* Docket No. 343-2015.

On November 17, 2014, Appellant pled guilty to attempted criminal homicide, aggravated assault, risking a catastrophe, stalking, simple assault, possessing an instrument of crime, recklessly endangering another person, harassment, and two counts of terroristic threats[2] at Docket No. 2950-2014. At the plea hearing, Appellant signed an extensive written plea colloquy and participated in an on-the-record oral plea colloquy. N.T. Guilty Plea, 11/17/14, at 6-53. During the oral colloquy, Appellant confirmed that he was entering his plea knowingly, intelligently, and voluntarily, and that he understood he was giving up certain rights by pleading guilty. *Id.* The trial court informed Appellant of the sentencing guidelines and maximum penalties for each offense, and Appellant confirmed that he had discussed the sentencing guidelines with counsel. *Id.* In the written colloquy, Appellant

---

[2] 18 Pa.C.S. §§ 901(a), 2702(a)(1), 3302(b), 2709.1(a)(2), 2701(a)(3), 907(a), 2705, 2709(a)(4), 2706(a)(1), and 2706(a)(3), respectively.

- 2 -

confirmed that he understood the maximum sentences he could receive for each offense and that those sentences could be "run consecutively (one after another)." ***See*** Guilty Plea Colloquy, 11/17/14, at 1-10. After the trial court accepted Appellant's plea, the court deferred the sentencing hearing pending the outcome of the grand jury investigation into Appellant's new charges.

On June 15, 2015, Appellant pled guilty to nine counts of terroristic threats and *nolo contendere* to criminal solicitation of arson and criminal solicitation of aggravated assault[3] at Docket No. 343-2015. In exchange for his guilty plea, the Commonwealth agreed to *nolle prosse* the remaining charges, but there was no agreement as to the sentence. N.T. Sentencing, 6/15/15, at 27. At the plea hearing, Appellant executed a written plea colloquy and participated in an on-the-record oral colloquy. ***Id.*** at 1-37. During the oral colloquy, Appellant confirmed that he was entering his plea knowingly, intelligently, and voluntarily, and that he understood he was giving up certain rights by pleading guilty. ***Id.*** The trial court informed Appellant of the sentencing guidelines and maximum penalties for each offense, and Appellant confirmed that he had also discussed the sentencing guidelines and maximum penalties with counsel. ***Id.*** In the written colloquy, Appellant confirmed that he understood the maximum sentences he could receive, and that the sentences could be run "consecutively (one after another)." ***See*** Guilty Plea Colloquy, 6/15/15, at 1-8.

---

[3] 18 Pa.C.S. § 902.

On October 6, 2015, the trial court sentenced Appellant to an aggregate term of fifteen to thirty years of incarceration.[4],[5] Appellant timely filed a direct appeal at both docket numbers, and this Court affirmed. *See Commonwealth v. Helman*, 3254 EDA 2015, 2016 WL 5691718 (Pa. Super. filed Aug. 2, 2016) (unpublished mem.). After this Court affirmed Appellant's judgment of sentence, our Supreme Court denied Appellant's petition for allowance of appeal on November 29, 2016. *Commonwealth v. Helman*, 162 A.3d 1112 (Pa. 2016).

On July 24, 2017, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed a counseled amended petition on Appellant's behalf. Therein, Appellant alleged that trial counsel, Joseph Haag, Esq., and his co-counsel, Laura Riba, Esq., were ineffective throughout the

---

[4] The sentencing court originally sentenced Appellant on June 15, 2015. Appellant filed a motion for reconsideration, which was granted in part, and the trial court resentenced Appellant as stated above.

[5] The record reflects that, at Docket No. 2950-2014, Appellant was sentenced to consecutive terms of five to ten years of incarceration for attempted murder, two and a half to five years of incarceration for risking a catastrophe, and two and a half to five years of incarceration for stalking. Appellant also received a term of one to two years of incarceration for PIC, REAP, and harassment, to run concurrently. Appellant's aggravated assault conviction merged for purposes of sentencing with attempted murder. This resulted in an aggregate sentence of ten to twenty years of incarceration.

At Docket No. 343-2015, Appellant was sentenced to consecutive terms of two and a half to five years of incarceration for criminal solicitation of arson and two and a half to five years of incarceration for criminal solicitation of aggravated assault. This resulted in an aggregate sentence of five to ten years of incarceration, to run consecutive to Appellant's sentence at Docket No. 2950-2014.

- 4 -

plea and sentencing hearings, and that Appellant's guilty pleas were unknowing, unintelligent, and involuntary.

On July 13, 2021, the PCRA court conducted an evidentiary hearing at which Attorney Haag, Attorney Riba, and Appellant each testified. On July 16, 2021, the PCRA court entered an order denying Appellant's petition.

Appellant timely appealed and filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA court issued a responsive opinion addressing Appellant's claims.

On appeal, Appellant raises the following issue for our review:

Did the [PCRA] court err in denying [PCRA] relief with respect to Appellant's claim that he received ineffective assistance of counsel in the guilty plea proceedings where Appellant was not aware he could receive consecutive sentences, Appellant thought he was to receive a sentence of no more than ten to twenty years, he believed the actual sentence would be two and one-half to five years, and he was not provided full and complete copies of all discovery, all of which led to a guilty plea that was not knowing, intelligent, and voluntary.

Appellant's Brief at v (some formatting altered).

Appellant claims that he was not properly advised at his plea colloquies and contends that his plea was not knowing, intelligent, or voluntary. *Id.* at 13. In support of this contention, Appellant argues that he pled guilty at Docket No. 2950-2014 because counsel told him that they would withdraw the plea and proceed to trial after Appellant was acquitted of the charges at Docket No. 343-2015. *Id.* Appellant asserts that "[b]ased on this newly designed trial plan . . . trial counsel told him to just agree in the guilty plea to whatever

the judge said." *Id.* Therefore, Appellant argues that despite his statements during the plea colloquy, he was unaware of the difference between consecutive and concurrent sentences, and believed that regardless of trial counsel's strategy, he would receive a sentence of five to ten years of incarceration. *Id.* at 13-14. Further, Appellant claims that he did not receive his discovery and was not adequately informed about the evidence against him, even though the Commonwealth read the factual basis for the charges into evidence prior to his plea. *Id.* For these reasons, Appellant concludes counsel was ineffective and that Appellant's pleas were not knowing, intelligent, or voluntary. *Id.* at 13.

> In reviewing the denial of a PCRA petition, our standard of review
>
> is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

- 6 -

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citations omitted and formatting altered).

Although not constitutionally mandated, a proper plea colloquy ensures that a defendant's guilty plea is truly knowing and voluntary. *Commonwealth v. Maddox*, 300 A.2d 503, 504 (Pa. 1973). Further, a "valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (citations omitted). "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted); *see also* Pa.R.Crim.P. 590, cmt. Finally, it is well established that "[a] person who elects to plead

guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

Here, with respect to Appellant's statements during the plea colloquy, the PCRA court explained:

> Prior to the acceptance to [Appellant's] pleas of guilty and *nolo contendere*, this court conducted a separate, verbal on-the-record colloquy, and explicitly detailed the charges and consequences for each offense. During this oral colloquy, [Appellant] clearly affirmed his understanding of all the criminal charges and confirmed that there was absolutely no agreement as to the sentences to be imposed.

PCRA Ct. Op. at 14.

With respect to Appellant's ineffectiveness claim, the PCRA court stated:

> In the case at hand, [Appellant's PCRA] claims fall short of meeting Pennsylvania's standard for ineffective assistance of counsel. [Appellant] has not produced any credible evidence to support a claim of arguable merit, as the record is devoid of any deficiency by his counsel. As mentioned in their testimony . . [Attorney] Riba and [Attorney] Haag held numerous discussions with [Appellant] and did not at any point [mislead] [Appellant] by informing him what his sentences would be or that they would be served concurrently.
>
> On the contrary, [Attorney] Haag thoroughly reviewed with [Appellant] the guilty plea agreement by the Commonwealth and answered all questions he proposed during their multiple meetings. At no point did [Appellant] receive false information on the matter of concurrent or consecutive sentences, nor was he falsely instructed or mislead on how the court may implement those sentences. The record, therefore, lacks any basis for establishing a claim of merit for ineffective assistance of counsel.

*Id.* at 22-23.

Based on our review of the record, we discern no error or abuse of discretion in the PCRA court's conclusions. The record reflects that the Commonwealth stated the factual basis for the charges at both of Appellant's plea hearings and that Appellant confirmed that he understood the charges against him. **See** Guilty Plea Colloquy, 11/17/14, at 1-10; Guilty Plea Colloquy, 6/15/15, at 1-8. Therefore, to the extent Appellant claims he was "unaware of the evidence against him," he is not entitled to relief. **See Reid**, 117 A.3d at 782.

The record also reflects that at both plea hearings, Appellant confirmed that he was aware of the maximum penalties for each offense, he understood that the trial court could impose his sentences consecutively, and that there was no agreement as to the length of his sentence. **See** Guilty Plea Colloquy, 11/17/14, at 1-10; Guilty Plea Colloquy, 6/15/15, at 1-8. Although Appellant claims that he was unaware of the circumstances surrounding his guilty plea, he is bound by the statements he made during his plea colloquies. **See Pollard**, 832 A.2d at 523.

Finally, the PCRA court credited Attorney Haag's testimony that he had reviewed the written plea colloquies with Appellant, Appellant stated that he understood the terms of his pleas, and that there was no indication that Appellant did not understand the meaning of a consecutive sentence. **See** PCRA Ct. Op. at 16-17. The court also concluded that "at no point did [Appellant's counsel] ever discuss a strategy of entering a guilty plea in 'the

first case' with the intent of withdrawing that guilty plea at a later date." **See id.** at 17. Finally, the court found no evidence that either Attorney Riba or Attorney Haag had misled or misinformed Appellant regarding his potential sentences. **See id.** at 21-22. On this record, we agree with the PCRA court that Appellant's plea was knowing, voluntary, and intelligent. **See Reid**, 117 A.3d at 782. Therefore, there is no arguable merit to Appellant's ineffectiveness claim. **See Barndt**, 74 A.3d at 192. Accordingly, the PCRA court did not err in denying Appellant's PCRA petition. **See Sandusky**, 203 A.3d at 1043. For these reasons, we affirm.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2022

- 10 -