J-S28026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :          PENNSYLVANIA
                                    :
           v.                        :
                                    :
LAQUON KHYLIL PERKINS          :
                                    :
           Appellant          :    No. 10 WDA 2023

Appeal from the Judgment of Sentence Entered July 12, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000735-2020

BEFORE:    PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:           **FILED: September 7, 2023**

Appellant, Laquan Khylil Perkins, appeals from the judgment of sentence entered on July 12, 2022 in the Criminal Division of the Court of Common Pleas of Allegheny County, as made final by the denial of his post-sentence motion on December 1, 2022. We affirm.

We establish the factual and procedural background of this matter by quoting from Appellant's statement of the case, to which both parties have agreed. **See** Commonwealth's Brief at 2 ("Commonwealth agrees to [A]ppellant's statement of the case").

> In 2019, [Appellant] was charged by police criminal complaint with homicide [18 Pa.C.S.A. § 2501(a)], robbery [18 Pa.C.S.A. § 3701(a)(1)(i)], burglary [18 Pa.C.S.A. § 3502(a)(1)(i)], and conspiracy [18 Pa.C.S.A. § 903], all arising from [an incident, captured by video recording, during which Appellant and two other armed men were depicted carrying the victim of a fatal gunshot

---

[*] Former Justice specially assigned to the Superior Court.

wound into his residence, which was later found to be ransacked]. ***See*** Criminal Complaint, 1/24/20.

On July 12, 2022, [Appellant] proceeded to jury selection in advance of a jury trial, but, [during the selection process], agreed to tender a negotiated plea. Accordingly, he proceeded to a guilty-plea hearing and pled guilty to [third-degree murder, robbery, burglary, and conspiracy]. ***See generally*** N.T. Plea and Sentencing Hearing, 7/12/22. . . . At the outset of the hearing, the trial court asked [Appellant's] counsel [whether Appellant intended to stipulate to the factual allegations contained within the affidavit of probable cause in support of Appellant's arrest warrant. Counsel responded that Appellant was prepared to so stipulate]. ***See id***. at 3-4. And after conducting its plea colloquy, the trial court asked the Commonwealth if there was "anything additional" for the record, and the Commonwealth offered the following:

- Forensic reports opining that a bullet recovered from the crime scene matched the barrel of a firearm recovered from [Appellant's] home;

- A forensic report opining that a fingerprint recovered from [the victim's] home matched [Appellant's] fingerprint;

- A forensic report indicating that DNA recovered from a cigarette butt recovered from [the victim's] home matched [Appellant's] DNA; and

- A forensic report indicating that the cause of [the victim's] death was by gunshot, and the manner of death was homicide.

***Id***. at 12-13.

The trial court found the foregoing sufficient to demonstrate a factual basis for the plea and accepted [the negotiated agreement]. ***See id***. at 14. Ultimately, [Appellant, on July 12, 2022,] was sentenced to an aggravate[d] term of 25 to 50 years[*] imprisonment. ***See*** Order of Sentence, 7/12/22.

[Appellant] sought and obtained [replacement counsel appointed by the court, who] filed a post-sentence motion to withdraw the plea, arguing the trial court failed to elicit information

demonstrating a factual basis for the plea.[1]  *See* Supplemental Post-Sentence Motion to Withdraw Guilty Plea, 10/17/22.  The trial court denied relief.  *See* Trial Court Order  12/1/22.

[Appellant] appealed.  *See* Notice of Appeal, 12/22/22.  The trial court directed him to file a concise statement.  *See* Trial Court Order, 12/28/22.  [Appellant] did so, reiterating his claim.  *See* Concise Statement, 1/23/23[.]  The trial court issued a responsive statement, incorporating its earlier order denying relief.  *See* Trial Court Opinion, 1/26/23[.]

Appellant's Brief at 6-8.

Appellant argues that Appellant's stipulation to the affidavit of probable cause, together with the supplemental forensic reports submitted by the Commonwealth, "do not demonstrate a factual basis for [Appellant's] plea, most clearly for robbery."  Appellant's Brief at 13.  According to Appellant, the trial court's failure to conduct meaningful review and establish a factual basis

_____

[1] Appellant filed a *pro se* post-sentence motion on July 18, 2022.  Since Appellant was represented by counsel at this time, we are constrained to deem this submission a legal nullity.  *See Commonwealth v. Padilla*, 80 A.3d 1238, 1258-1259 (Pa. 2013) (defendant has no right to hybrid representation).  Thereafter, however, Appellant filed a timely, counseled post-sentence motion on July 22, 2022.  *See* Pa.R.Crim.P. 720(A)(1) ("a written post-sentence motion shall be filed no later than 10 days after imposition of sentence").  With leave of court, counsel then supplemented the post-sentence filing on October 17, 2022.  Eventually, the trial court, on December 1, 2022, rejected Appellant's post-sentence request to withdraw his guilty plea and Appellant lodged a notice of appeal on December 22, 2022.

"Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal."  *Commonwealth v. Green*, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (citation omitted).  "The time for filing an appeal can be extended beyond [thirty] days after the imposition of sentence [] if the defendant files a timely post-sentence motion."  *Id*. at 618; Pa.R.A.P. 720(A)(2).  Because counsel for Appellant filed a timely notice of appeal after the trial court denied a timely post-sentence motion, we may assert jurisdiction over this appeal.

for Appellant's plea must be viewed as an abdication of the court's duty under Pa.R.Crim.P. 590. Appellant therefore asks us to vacate his judgment of sentence and remand for further proceedings. We disagree.

The principles governing our review are well settled. In prior cases, we have said that "[a] trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." *Commonwealth v. Pardo*, 35 A.3d 1222, 1227 (Pa. Super. 2011) (citation omitted). We employ the term "discretion" as a call for

> the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Dinell*, 270 A.3d 530, 533 (Pa. Super. 2022) (citation and quotation omitted).

> Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice. Thus, post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices.
>
> Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining

- 4 -

whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Hart*, 174 A.3d 660, 664-65 (Pa. Super. 2017) (citations and footnote omitted and formatting altered).

A valid plea colloquy ensures that a defendant's plea is truly knowing and voluntary. *See Commonwealth v. Maddox*, 300 A.2d 503, 504 (Pa. 1973). "[Such an inquiry must address] six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (citations and quotation marks omitted); *see also* Pa.R.Crim.P. 590, cmt. (setting forth a non-exhaustive list of questions a trial judge should ask before accepting a plea).

This Court has observed that the factual basis requirement is essential to a valid plea colloquy. *See Dinell*, 270 A.3d at 533. The central purpose of the requirement is to avoid a defendant's mistaken plea to an offense that is not implicated by his conduct. *See id*. at 533-534 (citations and quotations omitted). The establishment of a factual basis for a guilty plea also facilitates appellate review and conserves judicial resources. *See Commonwealth v. Flanagan*, 854 A.2d 489, 500 (Pa. 2004), *citing* *Boykin v. Alabama*, 395 U.S. 238, 244 (1969) ("When the [trial court] discharges [its] function [at a plea colloquy], [it] leaves a record adequate for any review that may be later

sought, and forestalls the spin-off of collateral proceedings that seek to probe murky memories.") (citations and footnotes omitted).

Nothing in Rule 590 "precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-1213 (Pa. Super. 2008) (citation omitted). "In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea." ***Id.*** at 1212 (citation omitted and formatting altered). Further, a "defendant is bound by statements he makes during plea colloquy, and may not assert grounds for withdrawing plea that contradict statements made when he pleaded guilty." ***Reid***, 117 A.3d at 783 (citation omitted).

After careful review of the totality of circumstances, we are persuaded that Appellant's plea colloquy established a factual basis for his crimes and, therefore, that he tendered his guilty plea in a knowing and voluntary manner. As stated above, Appellant stipulated to the allegations set forth in the affidavit of probable cause and the Commonwealth introduced supplemental forensic reports at the plea hearing. According to the affidavit of probable cause, an Allegheny County homicide detective reviewed video recordings that captured Appellant, together with two other armed men, carrying a fatally wounded gunshot victim into his residence. A supplemental forensic report introduced by the Commonwealth confirmed the victim's cause of death as a

gunshot wound to the head. Additional forensic reports offered by the Commonwealth showed that a bullet recovered from the crime scene matched a firearm taken from Appellant's residence, that Appellant's fingerprint was discovered in the victim's home, and that Appellant's DNA was recovered from a cigarette butt found at the crime scene. Contrary to Appellant's claim suggesting the absence of a factual foundation connecting Appellant to a robbery or theft, the affidavit of probable cause alleged that the victim's significant other identified, as the victim's property, a gold necklace recovered from the street in front of the victim's home and a gold ring recovered near the front porch of the victim's residence. These allegations suggest that Appellant, and the two other armed men captured on video, separated the victim from his personal property during the course of this violent episode. In short, the totality of circumstances established through stipulation and supplemental reports supplied a firm factual foundation that linked Appellant to the crimes of third-degree murder, robbery, burglary, and conspiracy. For these reasons, we conclude that the plea hearing demonstrated that Appellant entered his plea knowingly and voluntarily and that the trial court did not abuse its discretion in accepting Appellant's negotiated plea agreement.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2023