J-S47016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KELBY GARRETT DAVIS | : | |
| | : | |
| Appellant | : | No. 773 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 13, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000695-2018

BEFORE: STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED FEBRUARY 26, 2021**

Appellant Kelby Garrett Davis appeals from the judgment of sentence imposed after he pled guilty to endangering the welfare of children, corruption of minors, and three counts each of aggravated indecent assault, involuntary deviate sexual intercourse, and statutory sexual assault.[1] Appellant argues that the trial court erred by denying his post-sentence motion to withdraw his guilty plea and claims that his sentence is excessive. We affirm.

We adopt the trial court's summary of the facts and procedural history underlying this matter. Trial Ct. Op., 4/29/20, 1-10. Briefly, we note that Appellant was charged with the aforementioned offenses based on allegations

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 4304(a)(1), 6301(a)(1)(ii), 3125(a)(8), 3123(a)(7), and 3122.1(b), respectively.

that he sexually abused his minor stepdaughter on various dates between 2016 and 2018. At the time of Appellant's guilty plea hearing on March 26, 2019, the trial court conducted an oral plea colloquy and supplemented the record with a written colloquy that Appellant signed and reviewed with counsel prior to the hearing. *See* N.T. Plea Hr'g, 3/26/19, at 4-5; *see also* Written Guilty Plea, 3/26/19, at 1-6. Ultimately, the trial court accepted Appellant's guilty plea and sentencing was deferred for the preparation of a pre-sentence investigation (PSI) report.

On April 29, 2019, the trial court sentenced Appellant to an aggregate term of twenty-two to forty-four years' incarceration. Following a successful Post Conviction Relief Act (PCRA) petition, the court reinstated Appellant's direct appeal rights *nunc pro tunc*.

Appellant filed a post-sentence motion arguing, in part, that the trial court failed to inform him of the right to allocute at the sentencing hearing. *See* Post-Sentence Mot., 11/14/19, at 2-3. By mutual agreement between the parties, the trial court vacated Appellant's sentence and scheduled a resentencing hearing.[2] *See* Trial Ct. Order, 12/3/19. Ultimately, following the resentencing hearing on January 13, 2020, the trial court imposed the original sentence of twenty-two to forty-four years' incarceration. *See* N.T. Resentencing Hr'g, 1/13/20, at 6-7.

---

[2] The parties agreed to incorporate the transcript from the original sentencing hearing, which included testimony from witnesses on behalf of both the Commonwealth and Appellant. *See* N.T. Resentencing Hr'g at 3.

Appellant subsequently filed a timely post-sentence motion alleging that (1) his sentence was excessive; and (2) his guilty plea was not knowing or voluntary. Post-Sentence Mot., 1/21/20, at 2-6. At the post-sentence motion hearing, Appellant explained that although trial counsel's "underlying actions at the time of the plea are intertwined in [the claim,] it's not directly a PCRA ineffective assistance of counsel claim. It's a straight unknowing involuntary plea claim that does have facts of ineffective assistance of counsel." N.T. Post-Sentence Mot. Hr'g, 3/10/20, at 4. Ultimately, after hearing testimony from Appellant, Appellant's family members, and trial counsel, the trial court denied relief.

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues:

1. Did the trial court err in finding that [Appellant's] plea was not entered upon his belief that he would receive a minimum sentence of [four] years of incarceration, when he then received an aggregate sentence of 22 to 44 years, and thus err in denying [Appellant's] request to withdraw his guilty plea and proceed to trial?

2. Did the [trial] court abuse its discretion by failing to consider the rehabilitative needs of [Appellant] and then running the sentences of multiple charges consecutively to each other, resulting in a manifestly excessive sentence of 22 to 44 years of incarceration?

Appellant's Brief at 4.

- 3 -

## Guilty Plea

In his first issue, Appellant argues that his plea was not knowing or voluntary because "[w]hen the entire record in this matter is reviewed, it is clear that [he] entered his guilty plea with the belief that he would receive a sentence of [four] to [eight] years." *Id.* at 13. Specifically, Appellant claims that he discussed a plea deal with trial counsel on the morning of jury selection, and that, although trial counsel did not promise him a four-to-eight-year sentence, trial counsel's statements "about the sentencing process, guidelines, and mitigating factors could have left [Appellant] with the understanding" that the trial court was unlikely to impose a sentence greater than four to eight years. *Id.* In support, Appellant relies on his own testimony at the post-sentence motions hearing and testimony from his mother and sister that Appellant told them about a four-to-eight-year plea deal prior to the plea hearing. *Id.* Appellant further notes that he previously withdrew from a negotiated plea of ten to twenty years, which "clearly demonstrate[s] an intent to plead guilty only for a lesser sentence." *Id.*

Appellant also contends that his plea colloquy was defective because the trial court failed to advise him that the sentences for each count could be imposed consecutively or that the court was only bound by statutory maximums for each offense. *Id.* at 15-16. Appellant asserts that "[t]his is simply not a case in which a defendant is attempting to withdraw his plea by contradicting the statements he made at the time of his plea." *Id.* Instead, Appellant concludes that his plea was "invalid *ab initio* as he was not made

aware of the full range of possible sentences and was led to believe that he would receive a sentence in the range of [four] to [eight] years." *Id.* at 19.

The Commonwealth responds that Appellant's arguments relate to trial counsel's alleged ineffectiveness. Commonwealth's Brief at 12. Nonetheless, the Commonwealth asserts that "Appellant remains bound by the answers he gave in the guilty plea colloquy," which "indicated that nobody had suggested to him what the actual sentence of the court would be." *Id.* at 16. Therefore, the Commonwealth concludes that to the extent Appellant claims that he pled guilty based on counsel's promise that he would receive a sentence of four to eight years, he is not entitled to relief. *Id.*

In reviewing the denial of a post-sentence motion to withdraw a guilty plea, we are guided by the following principles:

> [T]he decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice. Thus, post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices.
>
> Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Hart*, 174 A.3d 660, 664-65 (Pa. Super. 2017) (citations and footnote omitted and formatting altered).

Further, we have explained that "[t]he law does not require that a defendant be pleased with the outcome of his decision to plead guilty." *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018).

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (citations and quotation marks omitted).

Although not constitutionally mandated, a proper plea colloquy ensures that a defendant's guilty plea is truly knowing and voluntary. *Commonwealth v. Maddox*, 300 A.2d 503, 504 (Pa. 1973) (citation omitted). "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted); *see also* Pa.R.Crim.P. 590 cmt. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy."

*Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

Here, as discussed previously, Appellant completed both an oral and written plea colloquy at the time he entered the guilty plea. *See* N.T. Guilty Plea Hr'g at 4-5; *see also* Written Guilty Plea at 1-10. During the oral colloquy, the trial court informed Appellant of the maximum sentence for each offense, then stated: "[Appellant], your plea agreement calls for just a general plea, which means there's no recommendation of sentence. The [c]ourt would order a presentence investigation [report (PSI)] and would determine a sentence at a later date. Do you understand that?" N.T. Guilty Plea Hr'g at 7. Appellant responded, "yes." *Id.* Appellant also confirmed that based on that information, it was still his intention to plead guilty. *Id.*

In the written plea colloquy, Appellant indicated that he fully understood the "maximum permissible sentences" for each crime, which were set forth in "Schedule A" of the written plea. *See* Written Guilty Plea at 2. Appellant acknowledged that the trial court would determine the length of his sentence, that the trial court could structure Appellant's sentence for each count consecutively, and that the trial court was bound only by the statutory maximums for each offense. *Id.* Further, Appellant confirmed that no one had promised, suggested, or "indicated in any manner what the actual sentence of the [trial c]ourt will be." *Id.* at 2. Finally, Appellant indicated that no promises had been made to induce him to enter a guilty plea and that the decision to plead guilty was his own. *Id.* at 4.

Appellant is bound by his statements at the plea hearing and in the written colloquy, which demonstrate that his plea was knowing, voluntary, and intelligent. **See Pollard**, 832 A.2d at 523. **see also** Pa.R.Crim.P. 590 cmt. Therefore, we discern no abuse of discretion by the trial court in denying Appellant's post-sentence motion to withdraw his guilty plea.[3] **See Hart**, 174 A.3d at 660. Accordingly, Appellant is not entitled to relief.

### Discretionary Aspects of Sentence

Appellant's remaining claim is that that the trial court imposed an excessive sentence and failed to consider his rehabilitative needs. Appellant's Brief at 22. Appellant argues that although he asked the trial court to consider his rehabilitation, the trial court "declined this request and indicated that rehabilitation is not the only goal in sentencing and that it was inclined to impose a sentence based upon damage caused to 'some young people [] that's going to carry forward to a long time.'" **Id.** at 25. Appellant contends that the trial court's "stated reason clearly demonstrates that the [trial] court disregarded the rehabilitative needs [of Appellant] and was swayed to do so by facts not of record." **Id.** Specifically, Appellant emphasizes that "there

---

[3] To the extent Appellant's claim implicates trial counsel's ineffectiveness, we do not address that issue on appeal. Our Supreme Court has held that ineffectiveness claims are presumptively deferred for collateral review under the PCRA. **See Commonwealth v. Holmes**, 79 A.3d 562, 578 (Pa. 2013) (plurality). Further, while the Pennsylvania Supreme Court has recognized limited exceptions to this rule, there is no indication that those exceptions apply in the instant case or that Appellant has waived his right to collateral review. **See id.**; **see also Commonwealth v. Delgros**, 183 A.3d 352, 361 (Pa. 2018).

was only one alleged victim in this matter and there was no evidence of record to establish that more than one young person was caused harm as indicated by the sentencing court." *Id.* Further, Appellant asserts that because neither the victim nor her family testified at the sentencing hearings, it "left a void in the record with regard to the toll of the emotional trauma suffered, any attempts to seek counseling aid for this trauma, or a prognosis as to how long it might take to recover." *Id.*

The Commonwealth responds that each of Appellant's individual sentences was within the standard guideline range. Commonwealth's Brief at 8. Further, the Commonwealth notes that "Appellant does not challenge the sentence for any particular count. Rather, he seems to suggest that the total sentence was excessive because so many of the counts were made consecutive to one another." *Id.* Nonetheless, the Commonwealth argues that it is "clear that the sentencing court did review all of the factors required by [42 Pa.C.S. § 9712(b)]" and also had the benefit of a PSI report. *Id.* at 10, 12. Therefore, the Commonwealth concludes that Appellant is not entitled to relief. *Id.* at 12.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the

reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, Appellant filed a timely notice of appeal, preserved his issue in a post-sentence motion, and included a concise statement of the reasons relied upon for allowance of appeal in his brief. *See Corley*, 31 A.3d at 296; *Malovich*, 903 A.2d at 1251. Further, Appellant's claim raises a substantial question for our review. *See Commonwealth v. Caldwell*, 117 A.3d 763,

770 (Pa. Super. 2015) (concluding that an appellant's "challenge to the imposition of [] consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs upon fashioning its sentence, presents a substantial question."). Therefore, we will address Appellant's claim.

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010) (citation omitted). Further, where a PSI exists, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Conte*, 198 A.3d 1169, 1177 (Pa. Super. 2018) (citation omitted), *appeal denied*, 206 A.3d 1029 (Pa. 2019).

Where a sentence is imposed within the guidelines, we may only reverse the trial court if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). Our review of the reasonableness is based upon the factors contained in 42 Pa.C.S. § 9781(d), and the trial court's consideration of the general sentencing standards contained in 42 Pa.C.S. § 9721(b). *See Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013). However, "[w]e cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (citation omitted). Further, it is well settled that "Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citation omitted).

Here, at sentencing, the trial court stated that it had reviewed and considered the PSI report. *See* N.T. Sentencing Hr'g at 3. Further, the trial court addressed Appellant's rehabilitative needs at the resentencing hearing, but stated that although rehabilitation was "a worthy goal, it's not the only goal in sentencing." *See* N.T. Resentencing Hr'g at 6.

In its Rule 1925(a) opinion, the trial court explained:

[Appellant] argues that the [trial c]ourt failed to focus on his rehabilitation, noting that he would be approaching retirement age before reaching his minimum sentence. [Appellant] was 34 years old when sentenced. He would be well short of his retirement age after serving his minimum sentence.

- 12 -

> Rehabilitation is not the only concern when imposing a sentence. [Appellant] has done immeasurable harm to a teenage girl who was supposed to be under his protection. He has shown no remorse or appreciation of that harm. Without those, he represents a continuing threat to society and a questionable candidate for true rehabilitation.

> The [trial c]ourt reviewed the [PSI] report, heard testimony from the [Appellant's] witnesses, and considered both [Appellant's] allocution and the arguments of counsel. The [] sentence imposed was within the sentencing guidelines and not excessive in light of the factors present in this case. The [trial c]ourt considered the rehabilitation needs of [Appellant] but determined that a lesser sentence would not be consistent with the protection of society and the impact of his crimes on the life of his victim.

Trial Ct. Op. at 6-7.

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. The trial court considered the appropriate sentencing factors and mitigating evidence as stated in the PSI report. *See Conte*, 198 A.3d at 1177. Nonetheless, the trial court ultimately concluded that consecutive sentences were necessary in light of the impact of Appellant's crimes on the minor victim and in order to protect the public.[4] *See Austin*, 66 A.3d at 808; *see also Macias*, 968 A.2d at 778. Under these circumstances, Appellant is not entitled to relief.

Judgment of sentence affirmed.

---

[4] We also reject Appellant's assertion that the trial court relied on "facts not of record" when referring to "young people" harmed by Appellant's actions as opposed to the single victim in this case. The record demonstrates that the trial court was familiar with the facts of the sexual abuse committed by Appellant, including the facts that the victim was Appellant's stepdaughter and that the abuse occurred in the victim's home.

- 13 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/26/2021