J-S39020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRECK ROBINSON | : | |
| | : | |
| Appellant | : | No. 446 EDA 2025 |

Appeal from the Judgment of Sentence Entered January 10, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006751-2022

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                      **FILED APRIL 7, 2026**

Appellant Derreck Robinson appeals from the judgment of sentence imposed after he pled guilty to third-degree murder, criminal conspiracy, robbery, and possession of a firearm by a prohibited person.[1]  Appellant's counsel, Gary Server, Esq. (Counsel), filed a petition to withdraw and an **Anders**/**Santiago** brief.[2]  After careful review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

At the guilty plea hearing, Appellant agreed to the following factual basis:

> On March 23, 2022, at approximately 9:30 p.m., police responded to a call regarding a person with a gun at 4251 Frankford Avenue in Philadelphia.  Upon arrival, police observed the decedent, Tye

---

[1] 18 Pa.C.S. §§ 2502(c), 903, 3701(a)(1)(i), 6105(a)(1), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Holmes [(the victim)], lying face-up inside the doorway of the property suffering from multiple gunshot wounds. Medics responded to the scene, and [the victim] was pronounced dead at 12:43 a.m. on March 24, 2022[,] as a result of his injuries.

Upon investigation, Nichole Lee, one of [Appellant's] co-conspirators, gave a statement to police. Ms. Lee told police that, at some point prior to the murder, she, [Appellant], and another individual named "Mark" met at [Appellant's] home to create a plan to rob [the victim]. According to Ms. Lee, since she was acquainted with [the victim], the plan was for her to lure [the victim] out and then bring him back to his home on Frankford Avenue, while [Appellant] and Mark waited outside.

Video surveillance collected from a Ring camera at 4251 Frankford Avenue corroborated Ms. Lee's statement and showed that, on the night of the murder, Ms. Lee and [the victim] entered his home together. Immediately after the couple entered the home, [Appellant] and a fourth person entered behind them. At that point, [the victim] could be heard on the Ring camera video yelling "oh, no," followed by the sound of multiple gunshots.

After entering the home, the three co-conspirators took several pieces of jewelry, as well as a large container of money. The Ring camera video showed [Appellant] and Ms. Lee running from the home[] and [Appellant] with a gun in his hand as they left. A few minutes after the shooting, the video depicted [Appellant] returning to the home, wearing a mask and attempting to disable the Ring camera. As [Appellant] attempted to disable the camera, video clearly captured the upper half of [Appellant's] face, including a notable Philadelphia Phillies tattoo on [Appellant's] forehead.

Further investigation revealed that [Appellant] was also wearing a GPS monitor that indicated that he was at the location of the Frankford Avenue home at the time of the murder. Police ultimately identified [Appellant] and executed a search warrant on his home at 4126 Paul Street. Upon executing the warrant, police recovered the jewelry stolen from [the victim's] property. A neighbor also identified [Appellant] as the person in the Ring camera video. [Appellant] was prohibited from possessing a firearm at the time of the murder.

Trial Ct. Op., 12/5/24, 2-3 (some formatting altered and citations omitted).

On January 10, 2025, Appellant pled guilty to the above stated offenses. That same day, the trial court imposed a negotiated, aggregate sentence of twenty-two and a half to forty-five years' incarceration.[3] Paul DiMaio, Esq., represented Appellant at his guilty plea hearing. Appellant did not file any post-sentence motions.

On February 3, 2025, Appellant filed a *pro se* notice of appeal. On February 7, 2025, the trial court issued an order granting Attorney DiMaio's motion to withdraw and appointing Counsel to represent Appellant. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

In the **Anders**/**Santiago** brief, Counsel concluded that there are no non-frivolous issues for our review. **See Anders**/**Santiago** Brief at 22. Additionally, Counsel identified two issues that could be raised on appeal but were ultimately frivolous. **Id.** at 6, 12-21.

"When faced with a purported **Anders**[/**Santiago**] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for

---

[3] The trial court sentenced Appellant to twenty to forty years' confinement for the third-degree murder charge, and to two and a half to five years' confinement for each of the conspiracy, robbery, and firearm possession charges. **See** Sentencing Order, 1/10/25. The murder charge runs consecutively to the robbery charge, and the remaining charges run concurrently with each other totaling an aggregate sentence of twenty-two and a half to forty-five years' confinement. **See id.**

leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an **Anders**/**Santiago** brief, counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the following requirements, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Goodwin*, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional,

nonfrivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); ***accord Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*). Moreover, we note that when an issue is waived, it is deemed a frivolous issue. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Here, Counsel has complied with the procedural requirements by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, informing Appellant of his right to proceed *pro se* or with private counsel, and supplying Appellant with a copy of the ***Anders***/***Santiago*** brief. ***See Goodwin***, 928 A.2d at 290. Counsel also includes a summary of the relevant facts and procedural history, refers to portions of the record that might arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous. ***See Santiago***, 978 A.2d at 361. Accordingly, Counsel has met the technical requirements of ***Anders*** and ***Santiago*** and we will proceed to address the issues identified in Counsel's ***Anders***/***Santiago*** brief.

In the ***Anders***/***Santiago*** brief, Counsel first identifies a potential claim challenging the validity of Appellant's guilty plea. ***See Anders***/***Santiago*** Brief at 6. Specifically, Counsel evaluates "[w]hether the Appellant's guilty plea was a knowing, intelligent and voluntary plea where the Appellant's mental health history prevented him from making a voluntary, knowing and intelligent plea." ***Id.***

"The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently." ***Commonwealth v. Jabbie***, 200 A.3d 500, 506 (Pa. Super. 2018) (citation omitted).

Although not constitutionally mandated, a proper plea colloquy ensures that a defendant's guilty plea is truly knowing and voluntary. ***Commonwealth v. Maddox***, 300 A.2d 503, 504 (Pa. 1973). "This Court has established six topics that must be covered by a valid plea colloquy: (1) the nature of the charges, (2) the factual basis for the plea, (3) the right to a jury trial, (4) the presumption of innocence, (5) the sentencing ranges, and (6) the plea court's power to deviate from any recommended sentence." ***Jabbie***, 200 A.3d at 506 (citation omitted and some formatting altered); ***Commonwealth v. Flanagan***, 854 A.2d 489, 500 & n.8 (Pa. 2004); Pa.R.Crim.P. 590 cmt.; ***Commonwealth v. Reid***, 117 A.3d 777, 782 (Pa. Super. 2015). "[Further], nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted); ***see also*** Pa.R.Crim.P. 590 cmt.

With respect to a defendant's competency in the context of a guilty plea, our Supreme Court has explained:

> Competence to plead guilty depends upon whether the defendant has the ability to comprehend his position as one accused of murder and to cooperate with his counsel in making a rational defense, and whether he has sufficient ability at the pertinent time to consult with his lawyers with a reasonable degree of rational

- 6 -

understanding, and has a rational as well as factual understanding of the proceedings against him. The determination of competency is a matter for the sound discretion of the trial court and will not be disturbed absent a clear abuse of that discretion.

*Commonwealth v. Frey*, 904 A.2d 866, 872 (Pa. 2006) (some formatting altered, citations and quotation marks omitted)).

Here, in reviewing Appellant's competency claim, Counsel explained:

Appellant believes that he was improperly pressured by [plea] counsel and the court to enter the plea when it was readily apparent from his history and the diagnosis provided by the court's psychiatrist that he suffered from Schizoaffective Disorder, Post Traumatic Stress Disorder, PCP abuse, Xanax abuse and Methamphetamine abuse. Appellant reasons that he was in no mental condition to enter a valid plea and that his condition was obvious during the plea colloquy. Appellant would further maintain that he was manipulated and pressured by [plea] counsel to acquiesce to the entry of a guilty plea even though his mental health condition prevented a knowing, intelligent and voluntary plea. He also believes that he was pressured by the court and that [the trial judge] disregarded obvious signs that he was undergoing a mental health crisis. As a result of the undue and unwarranted pressure exerted upon him by the court and [plea] counsel, it is Appellant's belief that because of his mental condition his plea was not knowingly, voluntarily or intelligently entered.

*Anders*/*Santiago* Brief at 15-16 (some formatting altered).

Ultimately, Counsel concluded that a claim challenging the validity of Appellant's plea would be frivolous. *See id.* at 19.

Based upon our independent review of the record, we agree with Counsel's determination that a claim challenging the validity of Appellant's

guilty plea would be frivolous.[4]  Appellant's mental health assessments, which the trial court also noted would support a finding of "malingering," indicated that Appellant was competent when he entered his plea.  **See** N.T., 1/10/25, at 2; **see also** Trial Ct. Op., 12/5/24, 4-5.  Additionally, as noted by the trial court, Appellant specifically confirmed that none of his mental health issues would interfere with his decision to plead guilty.[5]  **See** N.T., 1/10/25, at 7; **see also** Trial Ct. Op., 12/5/24, 4-5.  The record reflects that Appellant was informed of his rights, agreed with the Commonwealth's proffered facts, and

_____

[4] We note that Appellant did not file a post-sentence motion.  While a challenge to the validity of a plea must typically be raised in a post-sentence motion to be preserved, **see** Pa.R.Crim.P. 720(B)(1)(a)(i), it is well established that claims challenging the validity of a guilty plea based on incompetency are non-waivable and may be raised at any time.  **See Commonwealth v. Higgins**, 424 A.2d 1222, 1225 (Pa. 1980) (finding that the Pennsylvania Supreme Court has "consistently held that mental competency to participate in a proceeding is not waivable and can be considered whenever raised"); **Commonwealth v. Morales**, 326 A.2d 331, 332 (Pa. 1974) (finding that "[a] guilty plea constitutes a waiver of constitutional rights, and if one does not understand those rights or the consequences of waiving those rights, the plea cannot stand").  Accordingly, we do not find this claim waived for failure to file a post-sentence motion.

[5] We note that in Appellant's written colloquy sheet, when asked, "[i]f [Appellant] [was] presently being treated for a mental illness, [does Appellant] feel that [he has] the ability to understand what [he is] doing today?" Appellant answered "[no]," indicating that he does not understand.  Written Guilty Plea Colloquy, 1/10/25, at 1.  However, while this answer is inconsistent with Appellant's answers concerning the same line of questioning in the court's oral colloquy, the Court looks to the totality of the circumstances before invalidating the entire guilty plea.  **See Commonwealth v. Morrison**, 878 A.2d 102, 107-09 (Pa. Super. 2005).  Accordingly, since there is sufficient evidence in the record, including the court's oral colloquy, indicating that Appellant's mental health would not interfere with his guilty plea, we conclude that this inconsistency is of no consequence.  **See** N.T., 1/10/25, 4-36.

that the trial court's colloquy covered the six required areas for valid guilty plea. *See* N.T., 1/10/25, 4-36; Written Guilty Plea Colloquy, 1/10/25; *see also Jabbie*, 200 A.3d at 506; *Flanagan*, 854 A.2d at 500 & n.8; Pa.R.Crim.P. 590 cmt.; *Reid*, 117 A.3d at 782. Accordingly, the record supports the trial court's conclusion that Appellant entered his plea knowingly, intelligently, and voluntarily and that the trial court did not abuse its discretion in accepting the plea. *See Frey*, 904 A.2d at 872. Therefore, any challenge to the validity of Appellant's plea would be frivolous.

Counsel also identifies a claim challenging the discretionary aspects of Appellant's sentence. *See Anders/Santiago* Brief at 6, 19-21. Ultimately, Counsel asserts that a claim challenging the discretionary aspects of sentence would be frivolous on appeal. *See id.* at 21.

As this Court has explained, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence," even in the *Anders/Santiago* context. *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (citation omitted). In general, "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Perzel*, 291 A.3d 38, 47 (Pa. Super. 2023); *see also Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007) (finding that "an appellant can seek to appeal discretionary sentencing issues

only after preserving them during the sentencing hearing or in post-sentence motions" (citation omitted)).

Here, Appellant did not file a post-sentence motion preserving a challenge to the discretionary aspects of his sentence. Accordingly, that claim is waived and is therefore frivolous.[6] *See Perzel*, 291 A.3d at 47; *see also Kalichak*, 943 A.2d at 291.

Finally, our independent review of the record does not reveal any additional non-frivolous issues that Appellant could raise on direct appeal. *See Flowers*, 113 A.3d at 1250; *see also Goodwin*, 928 A.2d at 291. For these reasons, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/7/2026

---

[6] In any event, even if Appellant preserved a discretionary sentencing claim, we note that Appellant pled guilty pursuant to a negotiated plea deal. *See* N.T., 1/10/25, 26-27. It is well established that a defendant "who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." *See Commonwealth v. O'Malley*, 957 A.2d 1265, 1267 (Pa. Super. 2008).